# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOFF, | Case No. 1:15-cv-01073-AWI-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| HEIDI LACKNER, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed July 2, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1  1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

7  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

8  Williams, 297 F.3d 930, 934 (9th Cir.2002).

9      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572

17  F.3d at 969.

18                                      **II.**

19      **A.  Complaint Allegations**

20      Plaintiff, formerly incarcerated at the Sierra Conservation Center at Jamestown (SCC),

21  brings this action against Heidi Lackner, Warden at SCC, and Does 1-30.   Plaintiff alleges that

22  he suffered physical and emotional injury as a result of a prison disturbance.   Plaintiff alleges

23  that on May 19, 2015, a "very bloody and brutal incident" occurred on the A-yard facility.

24  (Compl.¶ 4.)   Plaintiff alleges that he was injured due to "lack of training, lack of protection, and

25  a lack of proper response" by defendants. (Id.)   Plaintiff contends that documents and evidence

26  will show that SCC staff allowed inmates to assault other inmates.   Plaintiff also contends that

27  video evidence will show that reporting officers falsified evidence to in order to cover up their

28  failure to protect the non-participating inmates.

**B.  Civil Rights Act**

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff may not hold Defendants liable by alleging that he was injured and then naming those who he believes may be responsible.  In order to hold an individual defendant liable under the civil rights act, Plaintiff must allege facts indicating that the individual defendant engaged in conduct that deprived Plaintiff of a protected right. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, by name, did to violate the particular right described by Plaintiff.

The only identified Defendant is Warden Lackner.  Plaintiff appears to allege that Defendant Lackner is responsible for the riot because she was the Warden at the time the event occurred.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff has failed to allege any facts that

1  suggest personal participation by Warden Lackner.     Therefore, Plaintiff has failed to allege a

2  cognizable claim.

3          As to the doe defendants, Plaintiff is advised that the Court cannot order service upon

4  unidentified defendants.  Plaintiff must identify each individual defendant by name.  If Plaintiff

5  does not know the name of the individual, Plaintiff must provide as much identifying

6  information as possible – where the defendant is employed, what shift he or she was on, and

7  what the defendant's job duty was.

8          **C. Exhaustion**

9          Pursuant to the Prison Litigation Reform Act of 1995, '[no] action shall be brought with

10  respect to prison conditions under [42 U.S.C. §1983], or any other federal law, by a prisoner

11  confined in any jail, prison, or other correctional facility until such administrative remedies as

12  are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

13  available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007);

14  McKinner v. Carey, 311 F.3d 1198, 199-1201 (9th Cir. 2002).  Exhaustion is required regardless

15  of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v.

16  Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to

17  prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

18          Prisoners are required to exhaust before bringing suit and the unavailability of damages

19  through the prison's appeals process does not relieve them from compliance with the statutory

20  exhaustion requirement.  Booth, 532 U.S. at 741.  From the fact of Plaintiff's complaint, it

21  appears clear that Plaintiff filed suit prematurely.   Plaintiff states in his complaint that there is a

22  grievance process.  Plaintiff further states that he did not filed an appeal, because "this complaint

23  involves a riot that already happened and there is no administrative remedy."  (Compl. ¶ II.)[1]  In

24  such instances, the case may be dismissed.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir.

25  2014)(en banc)(where failure to exhaust is clear from the face of the complaint, case is subject to

26  dismissal for failure to state a claim under Ruled 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108,

27  ――――――――――――――――
[1] Plaintiff alleges that the event at issue occurred on May 19, 2015.  This action was initiated by civil complaint filed

28  on July 2, 2015.  Plaintiff could not have complied with the grievance process through the final, Director's, level of
review within that time frame.  Cal. Code Regs. ,tit. 15, § 3084.5.

1120 (9th Cir. 2003)("A prisoner's concession to nonexhaustion is a valid ground for dismissal . . . ")(overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")(quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).  Therefore, while Plaintiff will be given leave to file an amended complaint, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed July 2, 2015, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order,

        a.      Plaintiff shall file an amended complaint;

        b.      Plaintiff shall also show cause why this action should not be dismissed for his failure to exhaust available administrative remedies prior to filing suit; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit.

IT IS SO ORDERED.

Dated:   **December 4, 2015**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE