# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>HEIDI LACKNER,<br><br>        Defendant. | Case No.  1:15-cv-01073-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF NO. 17)<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff Thomas Goff is a former state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On December 7, 2015, the Court dismissed Plaintiff's July 2, 2015 complaint with leave to amend within thirty days. (ECF No. 17.)  On January 11, 2016, Plaintiff was granted a thirty day extension of time.  Plaintiff was warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to obey a court order and failure to state a claim. (Id. at 6:10.)  The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with or otherwise responded to the Court's order.

    Local Rule110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

1

1 within the inherent power of the Court." District Courts have the inherent power to control their
2 dockets and "[i]n the exercise of that power they may impose sanctions, including, where
3 appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A
4 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
5 failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran,
6 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.
7 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order
8 requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
9 Cir. 1987)(dismissal for failure to comply with court order).

10 In determining whether to dismiss an action, the Court must consider several factors: (1)
11 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
12 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
13 cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779
14 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

15 The Court finds that the public's interest in expeditiously resolving this litigation and the
16 Court's interest in managing the docket weigh in favor of dismissal. This action has been
17 pending since July 2, 2015. The Court cannot hold this case in abeyance awaiting compliance by
18 Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since
19 a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
20 action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public
21 policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor
22 of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the
23 court's order will result in dismissal satisfies the "consideration of the alternatives" requirement.
24 Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's
25 December 7, 2015, order granting Plaintiff leave to amend his complaint expressly stated: "If
26 Plaintiff fails to file a first amended complaint in compliance with this order, this action will be
27 dismissed for failure to obey a court order and for failure to state a claim." (ECF No. 17 at 6:10.)
28 Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the

Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with the Court's December 7, 2015, order, for failure to state a claim, and for failure to prosecute.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (ith Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2016**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE